## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AZURITY PHARMACEUTICALS, INC., ARBOR PHARMACEUTICALS, LLC, and TAKEDA PHARMACEUTICAL COMPANY LIMITED,<br><br>        Plaintiffs,<br><br>   v.<br><br>TEVA PHARMACEUTICALS, INC. and TEVA PHARMACEUTICAL INDUSTRIES LTD.,<br><br>        Defendants. | C.A. No. _____ |

## COMPLAINT

Plaintiffs Azurity Pharmaceuticals, Inc., Arbor Pharmaceuticals, LLC (together with Azurity Pharmaceuticals, Inc., "Azurity"), and Takeda Pharmaceutical Company Limited ("Takeda") (collectively, "Plaintiffs"), for their Complaint against Defendants Teva Pharmaceuticals, Inc. ("Teva Inc.") and Teva Pharmaceutical Industries Ltd. ("Teva Ltd.") (collectively, "Defendants" or "Teva"), hereby allege as follows:

## THE PARTIES

1. Azurity Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 8 Cabot Road, Suite 2000, Woburn, MA 01801.

2. Arbor Pharmaceuticals, LLC is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 6 Concourse Parkway, Suite 1800, Atlanta, GA 30328.

3. Takeda is a corporation organized and existing under the laws of Japan, having a principal place of business at 1-1, Doshomachi 4-chome, Chuo-ku, Osaka, Japan.

4. Upon information and belief, Defendant Teva Inc. is a company organized and existing under the laws of Delaware, having a principal place of business at 400 Interpace Parkway, Parsippany, New Jersey 07054.

5. Upon information and belief, Defendant Teva Ltd. is a corporation organized and existing under the laws of Israel, having a principal place of business at 5 Basel St., P.O. Box 3190, Petach Tikva 4951033, Israel.

6. Upon information and belief, Teva Inc. is a wholly owned subsidiary of Teva Ltd.

7. Upon information and belief, Teva caused ANDA No. 218737 to be submitted to the U.S. Food and Drug Administration ("FDA"), and Teva Inc. is acting as an agent for Teva Ltd. with respect to Teva's Proposed ANDA Products.

8. Upon information and belief, following any approval of Teva's ANDA No. 218737, Teva Inc. and Teva Ltd. will act in concert to distribute and sell Teva's Proposed ANDA Products through the United States, including within Delaware.

## NATURE OF THE ACTION

9. This is a civil action for infringement of United States Patent Nos. 9,066,936 ("the '936 patent"), 9,169,238 ("the '238 patent"), and 9,387,249 ("the '249 patent") (collectively, "the patents-in-suit"). This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq.

## JURISDICTION & VENUE

10. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Teva Inc. because, *inter alia*, Teva Inc. is a corporation organized and existing under the laws of the State of Delaware.

12. This Court also has personal jurisdiction over Teva Inc. because, *inter alia*, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Teva Inc. is involved in developing, manufacturing, marketing, selling, and/or distributing a broad range of generic pharmaceutical products in the United States, including in Delaware, and therefore transacts business within Delaware related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within Delaware.

13. On information and belief, Teva Inc. has been previously sued in this Judicial District and has not challenged personal jurisdiction and availed itself of the legal protections of the State of Delaware by asserting counterclaims against plaintiffs in this Judicial District. *See, e.g., AbbVie Inc. v. Teva Pharmaceuticals, Inc.*, C.A. No. 23-362-RGA (D. Del.) (filed Mar. 30, 2023); *AbbVie Inc. v. Teva Pharmaceuticals, Inc.*, C.A. No. 23-133-RGA (D. Del.) (filed Feb. 3, 2023); *Amicus Therapeutics US, LLC et al. v. Teva Pharmaceuticals USA, Inc. et al.*, C.A. No. 22-1462-CFC (D. Del.) (filed Nov. 7, 2022); *Otsuka Pharmaceutical Co., Ltd. v. Teva Pharmaceuticals, Inc. et al.*, C.A. No. 22-513-RGA (D. Del.) (filed Apr. 22, 2022); *Journey Medical Corp. et al. v. Teva Pharmaceuticals, Inc. et al.*, C.A. No. 22-288-CFC (D. Del.) (filed Mar. 4, 2022); *Neurocrine Biosciences, Inc. v. Teva Pharmaceuticals, Inc. et al.*, C.A. No. 21-1043-MN (D. Del.) (filed Jul. 16, 2021).

14. This Court has personal jurisdiction over Teva Ltd. because, *inter alia*, it and through its wholly owned subsidiaries, including Teva Inc., has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled

into court here.  Upon information and belief, Teva Ltd., itself and through its wholly owned subsidiary Teva Inc., is involved in developing, manufacturing, marketing, selling, and/or distributing a broad range of generic pharmaceutical products in the United States, including in Delaware, and therefore transacts business within Delaware, and/or has engaged in systematic and continuous business contacts within Delaware.  In addition, Teva Ltd. is subject to personal jurisdiction in Delaware because, upon information and belief, it controls Teva Inc., and therefore the activities of Teva Inc. in this jurisdiction are attributed to Teva Ltd.

15. On information and belief, Teva Ltd. has previously been sued in this Judicial District and not challenged personal jurisdiction and availed itself of the legal protections of the State of Delaware by asserting counterclaims against plaintiffs in this Judicial District.  *See, e.g., Amicus Therapeutics US, LLC et al. v. Teva Pharmaceuticals USA, Inc. et al.*, C.A. No. 22-1462-CFC (D. Del.) (filed Nov. 7, 2022).

16. On information and belief, Teva Ltd. has previously availed itself of the jurisdiction of this Judicial District by initiating litigation in this Judicial District and invoking this Court's jurisdiction.  *See, e.g., Teva Pharmaceuticals USA, Inc. et al. v. Dr. Reddy's Laboratories, Ltd. et al.*, C.A. No. 16-1267-CFC (D. Del.) (filed Dec. 19, 2016); *Teva Pharmaceuticals USA, Inc. et al., v. Biocon Ltd. et al.*, C.A. No. 16-278-CFC (D. Del.) (filed Apr. 19, 2016); *Teva Pharmaceuticals USA, Inc. et al. v. Sandoz, Inc. et al.*, C.A. No. 14-1171-CFC (D. Del.) (filed Sept. 10, 2014).

17. Upon information and belief, Teva has sought approval in ANDA No. 218737 to distribute Teva's Proposed ANDA Products in the United States, including in Delaware and will do so upon approval of ANDA No. 218737.  The filing of ANDA No. 218737 is therefore tied,

in purpose and planned effect, to the deliberate making of sales in Delaware, and indicates that Teva plans to engage in the marketing of Teva's Proposed ANDA Products in Delaware.

18. Upon information and belief, if ANDA No. 218737 is approved, Teva will directly or indirectly market and/or sell Teva's Proposed ANDA Products within the United States, including in Delaware, consistent with Teva's practices for the marketing and distribution of other pharmaceutical products on its own and/or through its affiliates.

19. Upon information and belief, if ANDA No. 218737 is approved, Teva's Proposed ANDA Products, under the direction and control of physicians practicing in Delaware, will be administered to patients in Delaware. These activities, as well as Teva's marketing, selling, and/or distributing of Teva's Proposed ANDA Products, would have a substantial effect within Delaware and would constitute infringement of the Asserted Patents in the event that Teva's Proposed ANDA Products are approved before the '936, '238, and '249 patents expire.

20. For the reasons described above, among others, the filing of ANDA No. 218737 was suit-related conduct with a substantial connection to Delaware and this District, the exercise of personal jurisdiction over Teva does not offend traditional notions of fair play and substantial justice, and this Court may properly exercise personal jurisdiction over Teva.

21. In the alternative, this Court has personal jurisdiction over Teva Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Plaintiffs' claims arise under federal law; (b) Teva Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Teva Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are

distributed throughout the United States, such that this Court's exercise of jurisdiction over Teva Ltd. satisfies due process.

22. Venue is proper in this judicial district as to Teva Inc. under 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Teva Inc. is a corporation organized and existing under the laws of Delaware, Teva Inc. has previously consented to venue in this judicial district, and on information and belief is subject to venue in this judicial district for the purpose of this case. Teva Inc. has also consented to venue in this judicial district in numerous patent litigations, including but not limited to the following actions: *AbbVie Inc. v. Teva Pharmaceuticals, Inc.*, C.A. No. 23-362-RGA (D. Del.) (filed Mar. 30, 2023); *AbbVie Inc. v. Teva Pharmaceuticals, Inc.*, C.A. No. 23-133-RGA (D. Del.) (filed Feb. 3, 2023); *Amicus Therapeutics US, LLC et al. v. Teva Pharmaceuticals USA, Inc. et al.*, C.A. No. 22-1462-CFC (D. Del.) (filed Nov. 7, 2022); *Otsuka Pharmaceutical Co., Ltd. v. Teva Pharmaceuticals, Inc. et al.*, C.A. No. 22-513-RGA (D. Del.) (filed Apr. 22, 2022); *Journey Medical Corp. et al. v. Teva Pharmaceuticals, Inc. et al.*, C.A. No. 22-288-CFC (D. Del.) (filed Mar. 4, 2022); *Neurocrine Biosciences, Inc. v. Teva Pharmaceuticals, Inc. et al.*, C.A. No. 21-1043-MN (D. Del.) (filed Jul. 16, 2021).

23. Venue is proper in this judicial district as to Teva Ltd. under 28 U.S.C. §§ 1391 and 1400(b) because Teva Ltd. is incorporated in Israel and may be sued in any judicial district in the United States.

**THE PATENTS-IN-SUIT**

24. On June 30, 2015, the '936 patent, entitled "Solid pharmaceutical composition comprising a benzimidazole-7-carboxylate derivative and a pH control agent" was duly and legally issued. A copy of the '936 patent is attached as Exhibit A.

25. Takeda owns the '936 patent. Azurity holds an exclusive license to the '936 patent in the United States.

26. On October 27, 2015, the '238 patent, entitled "Solid pharmaceutical composition" was duly and legally issued. A copy of the '238 patent is attached as Exhibit B.

27. Takeda owns the '238 patent. Azurity holds an exclusive license to the '238 patent in the United States.

28. On July 12, 2016, the '249 patent, entitled "Methods of treating hypertension with at least one angiotensin II receptor blocker and chlorthalidone" was duly and legally issued. A copy of the '249 patent is attached as Exhibit C.

29. Takeda owns the '249 patent. Azurity holds an exclusive license to the '249 patent in the United States.

## ACTS GIVING RISE TO THIS ACTION

30. Azurity holds New Drug Application ("NDA") No. 202331 for oral tablets containing 40 mg azilsartan medoxomil and 25 mg chlorthalidone, and 40 mg azilsartan medoxomil and 12.5 mg chlorthalidone, as the active ingredients. Azurity markets and sells these oral tablets in the United States under the brand name EDARBYCLOR®.

31. Pursuant to 21 U.S.C. § 355(b)(1), the '936 patent, the '238 patent, and the '249 patent are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering EDARBYCLOR® or its use. U.S. Patent Nos. 7,157,584 ("the '584 patent") and 7,572,920 ("the '920 patent") are further listed in the Orange Book as covering EDARBYCLOR® or its use.

32. Upon information and belief, Teva caused ANDA No. 218737 to be submitted to the FDA under 21 U.S.C. § 355(j). Upon information and belief, Teva's ANDA No. 218737 seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of oral tablets containing 40 mg

azilsartan medoxomil and 12.5 mg chlorthalidone, or 40 mg azilsartan medoxomil and 25 mg chlorthalidone ("Teva's Proposed ANDA Products") prior to the expiration of the patents-in-suit.

33. Upon information and belief, by filing ANDA No. 218737, Teva has certified to the FDA that Teva's Proposed ANDA Products have the same active ingredients as EDARBYCLOR® and the same or substantially the same proposed labeling as EDARBYCLOR®.

34. Upon information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Teva certified in ANDA No. 218737 that the claims of the '936 patent, the '238 patent, and the '249 patent are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, sale, or offer for sale of Teva's Proposed ANDA Products.

35. Upon information and belief, Teva did not certify the claims of the '584 patent and the '920 patent to be invalid, unenforceable, or not to be infringed by the commercial manufacture, use, sale, or offer for sale of Teva's Proposed ANDA Products in ANDA No. 218737.

36. Plaintiffs received written notification of Teva's ANDA No. 218737 and its accompanying § 505(j)(2)(A)(vii)(IV) certification by FedEx®, dated August 17, 2023 ("Teva's Notice Letter").

37. To date, Teva has not provided Plaintiffs with a copy of any portions of ANDA No. 218737 or any information regarding Teva's Proposed ANDA Products, beyond the information set forth in Teva's Notice Letter.

38. The limited information relating to Teva's Proposed ANDA Products that was provided in Teva's Notice Letter does not demonstrate that Teva's Proposed ANDA Products,

which Teva has asked the FDA to approve for sale in the U.S., will not fall within the scope of issued claims of the patents-in-suit.

39. This action was commenced within 45 days of Plaintiffs receiving Teva's Notice Letter.

## COUNT I
## INFRINGEMENT BY TEVA OF U.S. PATENT NO. 9,066,936

40. Plaintiffs re-allege paragraphs 1-39 as if fully set forth herein.

41. Teva's submission of ANDA No. 218737 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '936 patent under 35 U.S.C. § 271(e)(2)(A).

42. Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of Teva's Proposed ANDA Products—if approved by the FDA, prior to the expiration of the '936 patent, and for use in accordance with its proposed labeling—would infringe and/or induce and/or contribute to the infringement of the '936 patent.

43. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Teva's ANDA No. 218737 be a date that is not earlier than the expiration of the '936 patent, or any later expiration of patent term extension, adjustment, or exclusivity for the '936 patent to which Plaintiffs are or become entitled.

44. Plaintiffs will be irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

45. Upon information and belief, Teva was aware of the existence of the '936 patent and was aware that the filing of ANDA No. 218737 and the certification with respect to the '936 patent constituted an act of infringement of that patent.

## COUNT II
### INFRINGEMENT BY TEVA OF U.S. PATENT NO. 9,169,238

46. Plaintiffs re-allege paragraphs 1-45 as if fully set forth herein.

47. Teva's submission of ANDA No. 218737 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '238 patent under 35 U.S.C. § 271(e)(2)(A).

48. Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of Teva's Proposed ANDA Products—if approved by the FDA, prior to the expiration of the '238 patent, and for use in accordance with its proposed labeling—would infringe and/or induce and/or contribute to the infringement of the '238 patent.

49. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Teva's ANDA No. 218737 be a date that is not earlier than the expiration of the '238 patent, or any later expiration of patent term extension, adjustment, or exclusivity for the '238 patent to which Plaintiffs are or become entitled.

50. Plaintiffs will be irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

51. Upon information and belief, Teva was aware of the existence of the '238 patent and was aware that the filing of ANDA No. 218737 and the certification with respect to the '238 patent constituted an act of infringement of that patent.

## COUNT III
### INFRINGEMENT BY TEVA OF U.S. PATENT NO. 9,387,249

52. Plaintiffs re-allege paragraphs 1-51 as if fully set forth herein.

53. Teva's submission of ANDA No. 218737 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '249 patent under 35 U.S.C. § 271(e)(2)(A).

54. Upon information and belief, the commercial manufacture, use, offer for sale, sale, or import of Teva's Proposed ANDA Products—if approved by the FDA, prior to the expiration of the '249 patent, and for use in accordance with its proposed labeling—would infringe and/or induce and/or contribute to the infringement of the '249 patent.

55. Plaintiffs are entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval or Teva's ANDA No. 218737 be a date that is not earlier than the expiration of the '249 patent, or any later expiration of patent term extension, adjustment, or exclusivity for the '249 patent to which Plaintiffs are or become entitled.

56. Plaintiffs will be irreparably harmed by Teva's infringing activities unless those activities are enjoined by this Court. Plaintiffs do not have an adequate remedy at law.

57. Upon information and belief, Teva was aware of the existence of the '249 patent and was aware that the filing of ANDA No. 218737 and the certification with respect to the '249 patent constituted an act of infringement of that patent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for judgment that:

A. Teva has infringed one or more claims of the '936 patent;

B. Teva has infringed one or more claims of the '238 patent;

C. Teva has infringed one or more claims of the '249 patent;

D. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of Teva's ANDA No. 218737 will not be earlier than the expiration date of the '936 patent, '238

patent, and/or '249 patent, or any later expiration of any patent term extension, adjustment, or exclusivity for the '936 patent, '238 patent, and/or '249 patent to which Plaintiffs are or become entitled;

E.  Teva, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with them, be preliminarily and permanently enjoined from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing Teva's Proposed ANDA Products and any other product that infringes or induces or contributes to the infringement of the '936 patent, '238 patent, and/or '249 patent, prior to the expiration of the '936 patent, '238 patent, and/or '249 patent, including any exclusivity, adjustment, or extension to which Plaintiffs are or become entitled;

F.  Plaintiffs be awarded monetary relief to the extent Teva commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes or induces or contributes to the infringement of the '936 patent, '238 patent, and/or '249 patent within the United States prior to its expiration, including any later expiration of any patent term extension, adjustment, or exclusivity for the '936 patent, '238 patent, and/or '249 patent to which Plaintiffs are or will become entitled, and that any such monetary relief be awarded to Plaintiffs with prejudgment interest;

G.  Plaintiffs be awarded the attorneys' fees, costs, and expenses that they incur in litigating this action; and

H.  Plaintiffs be awarded such other and further relief as this Court deems just and proper.

Dated: September 29, 2023

OF COUNSEL:

Bruce M. Wexler
Chad J. Peterman
Christopher P. Hill
Michael F. Werno
PAUL HASTINGS LLP
200 Park Avenue
New York, New York 10166
(212) 318-6000
brucewexler@paulhastings.com
chadpeterman@paulhastings.com
christopherhill@paulhastings.com
michaelwerno@paulhastings.com

*Attorneys for Plaintiffs Azurity Pharmaceuticals, Inc. and Arbor Pharmaceuticals, LLC*

William F. Cavanaugh, Jr.
Zhiqiang Liu
PATTERSON BELKNAP WEBB & TYLER LLP
1133 Avenue of the Americas
New York, New York 10036
(212) 336-2000
wfcavanaugh@pbwt.com
zliu@pbwt.com

*Attorneys for Plaintiff Takeda Pharmaceutical Company Limited*

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Azurity Pharmaceuticals, Inc., Arbor Pharmaceuticals, LLC, and Takeda Pharmaceutical Company Limited*